Formatted for Electronic Distribution                                                                    For Publication

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

In re:

    **LYNDA M. MARKISON,**
                  **Debtor.**

Filed & Entered
On Docket
April 23, 2007

Chapter 7 Case
# 05-12616

| | | |
|---|---|---|
| *Appearances:* | Lynda M. Markison | Raymond J. Obuchowski, Esq. |
| | West Danville, Vt. | Bethel, Vt. |
| | *Debtor* Pro Se | *Chapter 7 Trustee* |

**MEMORANDUM OF DECISION**
**DENYING TRUSTEE'S SECOND MOTION TO RECONSIDER AND VACATE**
**THE ORDER GRANTING DEBTOR A FEE WAIVER**

      In this case, the Court is called upon to determine the parameters of 28 U.S.C. § 1930(f)(1), the fee waiver provision promulgated under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 109-8, 119 Stat. 23 (2005), and the related Interim Rule 1006(b)(2), in the context of a case trustee's motion to reconsider an Order granting a debtor's application for a waiver of the filing fee. Although this Court has recently addressed questions surrounding reconsideration of filing fee waivers, both in this case and others,[1] the salient facts presented in this motion are sufficient to warrant a thorough examination and an articulation of the Court's rationale.

      On December 29, 2005, Lynda M. Markison (the "Debtor") filed a chapter 7 petition *pro se* (doc. # 1). Contemporaneously with that filing, the Debtor filed an application for a waiver of the chapter 7 filing fee (doc. # 4) (hereafter the "Application"). In the Application, the Debtor indicated that her family size was three, the family's combined monthly income was $685.69 (although it would soon increase by $360 per month due to income from a second job), and the family's monthly expenses totaled $1,944.75. Based upon the Debtor's testimony at a January 24, 2006 hearing on the Application, the Court found that the Debtor qualified for a waiver and granted that relief in an Order dated January 25, 2006 (doc. # 10; hereafter the "Fee Waiver Order").

      On June 16, 2006, the chapter 7 trustee (the "Trustee") filed a motion to reconsider, arguing that subsequent to filing the bankruptcy petition, the Debtor commenced an adversary proceeding to discharge her student loans, and the attorney who represented the Debtor in that proceeding filed a disclosure of compensation showing a post-petition retainer of $300 and representation at the rate of $60.00 per hour (doc. # 18). Based upon that disclosure, the Trustee claimed that the Debtor had sufficient funds to pay

---

[1] See, e.g., In re Spisak, # 06-10511 (Bankr. D.Vt. Feb. 22, 2007); In re Machia, __ B.R. __, 2007 WL 188633 (Bankr. D.Vt. Jan. 25, 2007); In re Spisak, _ B.R. _, 2007 WL 96398 (Bankr. D.Vt. Jan. 12, 2007); In re Kauffman, 354 B.R. 682 (Bankr. D.Vt. 2006).

the filing fee in installments and that a fee waiver was not warranted. (Id.) The Debtor objected, asserting that she had presented her financial situation accurately and the Trustee had not alleged any circumstances existing on the date of filing to support a determination that the waiver was not warranted (doc. # 20). After a hearing held on August 8, 2006, the Court denied the Trustee's motion to reconsider.

The Debtor was discharged on October 3, 2006 (doc. # 27) and commenced an adversary proceeding concerning the dischargeability of her student loan debt on October 13, 2006 (doc. # 29).

Three months later, on January 15, 2007, the Trustee filed the instant "Second Motion for Reconsideration of Order on Debtor's Application for Waiver of Chapter 7 Filing Fee" (doc. # 33) (the "Motion"). In the Motion, the Trustee asserted that, during the course of litigation concerning the student loan dischargeability issue, he learned that the Debtor had received:

1. [a] $132.00 Vermont tax refund on February 6, 2006;
2. [a] $120.00 Federal tax refund on February 7, 2006;
3. [a] $1,000.00 Vermont tax refund on February 7, 2006;
4. [a] $304.00 Federal tax refund on February 10, 2006; and
5. [a] $3,583.00 Federal tax refund on February 17, 2006.

(Id.)[2] The Trustee emphasized that the Debtor had received a total of $5,139.00 in refunds within two months of filing her petition, and that these refunds had not been listed as assets, or as expected refunds, on the Debtor's schedules. (Id.) Further, the Trustee contended that "[t]he existence of these funds shortly after filing . . . provides cause for the Trustee to file this second motion to reconsider, under the guidelines set forth in this Court's Kauffman and Spisak decisions."[3] (Id.) The Debtor opposed the Motion, explaining that she had received approximately $4,000 in tax refunds in 2006, she had not listed them on her schedules because she did not anticipate receiving them, that the amounts had been figured into her needed living expenses for 2006, and that her aggregate income in 2006 continued to be approximately the same as when the Court entered the Fee Waiver Order (doc. # 36).

On February 27, 2007, the Court held a hearing on the Motion. During the colloquy, the Court asked whether the Trustee had specifically asked the Debtor at the initial meeting of creditors (held February 1, 2006) whether she expected to receive any tax refunds. Counsel for the Trustee indicated that she did not know whether the Trustee had asked that question. The Court reserved decision and allowed

---

[2] It appears that these amounts represent refunds from more than one tax year. However, the Trustee's brief did not specify whether the refunds were for tax years other than 2005.

[3] In In re Kauffman, 354 B.R. 682 (Bankr. D.Vt. 2006), the Court granted the Trustee's reconsideration motion and vacated the order granting a fee waiver where the debtor amended her Schedule B after entry of the fee waiver order revealing that she had received a Vermont property tax prebate to which she would have been entitled as of the petition date. In In re Spisak, _ B.R. _, 2007 WL 96398 (Bankr. D.Vt. Jan. 12, 2007), the Court granted the Trustee's motion for reconsideration and vacated the order granting a fee waiver where the evidence submitted by the debtor failed to establish a factual record sufficient to demonstrate his inability to pay the fee in installments.

2

the Trustee to find out the answer to the Court's inquiry and file a memorandum of law in support of the Motion. In his supplemental memorandum, the Trustee stated that, having reviewed the audio files of the § 341 meeting, he was now able to respond to the Court's inquiry: he had not asked the Debtor at the § 341 meeting whether she expected any tax refunds. The Trustee described the § 341 meeting as follows:

> However, the Trustee did ask the Debtor if the schedules were 'true and accurate,' to which she replied 'yes.' He also asked if she had anything to add, to which she replied 'no.' Finally, he asked if she disclosed all of her 'assets,' to which she replied 'yes.' The Trustee notes that Question 18 on Schedule B specifically requires the listing of tax refunds owing the Debtor.

(doc. # 43). The Trustee asserted that the Debtor had not amended her schedules upon receipt of the tax refunds and that he would never have known about the refunds were it not for the discovery produced in the adversary proceeding.[4] In addition, he charged that the Debtor had not provided a true and accurate disclosure of her assets nor had she given truthful responses at the meeting of creditors. He concluded, "[w]ithout full disclosure, a trustee should not be penalized for not discovering the undisclosed." (Id.)

For the reasons set forth below, the Court denies the Trustee's second motion for reconsideration of the Order granting Debtor's application for a waiver of the chapter 7 filing fee.

## JURISDICTION

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 157(b)(2)(A).

## DISCUSSION

### *A.* *The Statutory Underpinnings of Fee Waivers*

BAPCPA established a two-pronged test to determine eligibility for a waiver of the chapter 7 filing fee:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line [sic] . . . applicable to a family of the size involved and is unable to pay that fee in installments. . . .

28 U.S.C. § 1930(f)(1). An individual debtor may request a waiver of the filing fee by completing an application (Form B3B), in which the petitioner provides information about family size, monthly income and expenses, and ownership of real and personal property. Form B3B also contains a preprinted

---

[4] The attorney representing the Debtor at the trial on the dischargeability of her student loans, which also took place on February 27, 2007, filed amended schedules B and C on that day which reflected the Debtor's receipt of $4,000 in 2005 federal and state tax refunds (doc. # 42). On the amended schedules, the attorney declared the tax refunds as exempt under the federal exemption statute, 11 U.S.C. § 522(d)(5). (Id.) Since the refunds were exempt, they would not have been available for distribution to creditors by the Trustee. However, the question of whether the disclosure of the refunds would have generated a distribution to creditors is distinct from the question of whether the Debtor had the financial means to pay the filing fee.

3

proposed order which the Court may use to grant the waiver, to deny the waiver and set a payment schedule, or to schedule a hearing on the application. Should the Court deny the waiver and order the debtor to pay the filing fee in installments, Interim Rule 1006(b)(2) allows a debtor to pay the filing fee in up to four installment payments, to be completed within a circumscribed time-frame:

> Prior to the meeting of creditors, the court may order the filing fee paid to the clerk or grant leave to pay in installments and fix the number, amount and dates of payment. The number of installments shall not exceed four, and the final installment shall be payable not later than 120 days after filing the petition. For cause shown, the court may extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition.

Rule 1006(b)(2)[Interim]. The Rule clearly anticipates that a petitioner's eligibility for a fee waiver should be determined early in the proceeding (prior to the meeting of creditors) so if he or she is required to pay in installments, those payments can be completed "not later than 120 days after filing the petition." If, on the other hand, the Court grants a waiver of the entire filing fee, a caveat on Form B3B indicates "This order is subject to being vacated at a later time if developments in the administration of the bankruptcy case demonstrate that the waiver was unwarranted." The form provides no guidance as to how much later the "later time" can be.

This Court has previously ruled that it will revoke a fee waiver if

(1) the debtor has notice that the fee waiver may be revoked if facts or circumstances are discovered during the administration of the case which demonstrate the waiver was unwarranted;
(2) such facts or circumstances are properly brought before the Court;
(3) the debtor is given notice of the alleged change in circumstances and eligibility, and an opportunity to be heard; and
(4) the Court concludes that, based upon the new information, the debtor does not qualify for a waiver under the two-pronged test of §1930(f)(1).

In re Kauffman, 354 B.R. 682, 684-85 (Bankr.D.Vt. 2006).

### B.  Standard for a Motion to Reconsider

A court may reconsider one of its earlier decisions when a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. See Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation and quotation omitted). A court should grant reconsideration when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). The standard for granting a motion for reconsideration is strict, see id., but ultimately the question is a discretionary one, and the court is not limited in its ability to reconsider its own decisions. See, e.g.,Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). Particularly relevant to the

4

instant proceeding is the requirement that a party relying on the availability of new evidence as the basis for reconsideration, must demonstrate that it is evidence "not previously available [that has] come to light." In re Martin, 2007 WL 201103 at *1 (N.D.N.Y. Jan. 23, 2007).

This Court has held that it may revoke a fee waiver order if, based upon a more complete record, it determines that its granting of the waiver was unwarranted, pursuant to Federal Rule of Bankruptcy Procedure 9024 (incorporating Fed. R. Civ. P. 60(b)). See In re Spisak, __ B.R. __, 2007 WL 96398 at *3 (Jan. 12, 2007). Thus, this Court must determine if the Trustee has demonstrated a right to relief under Rule 9024.

### C.  Analysis

The Trustee presents a two-part argument to support his Motion seeking vacatur of the Fee Waiver Order. First, he argues that he was not aware that the Debtor had received tax refunds that would have been property of the estate until some time during the course of litigation on the dischargeability of the Debtor's student loan and therefore his discovery of the tax refunds constituted new evidence. This, he posits, constitutes grounds to reconsider the Fee Waiver Order. Second, he asserts that since the Debtor possessed these funds within two months of filing her petition, she could have paid her filing fee and, therefore, there is cause to find there have been "developments . . . demonstrat[ing] that the waiver was unwarranted" as described on Form B3B. This, the Trustee contends, constitutes grounds to vacate the Fee Waiver Order.

**1.    The Motion for Reconsideration: New Evidence**

Bankruptcy Rule 9024, the procedural guide for addressing the Motion, provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from [an] order . . . for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

Fed. R. Civ. P. 60(b)(2) (incorporated by Rule 9024). The Trustee seeks reconsideration of the Fee Waiver Order due to alleged newly discovered evidence. However, the plain language of the Rules makes clear that he is entitled to relief only if he could not have discovered the pertinent "new evidence" through the exercise of due diligence.

The "new evidence" cited by the Trustee – the Debtor's receipt of the tax refunds – was not new, and could have been discovered by due diligence long before the Motion was made. While the tax refunds were neither available at the time the Debtor initially requested a waiver of the filing fee (as she filed her petition and waiver motion on December 29, 2005) nor at the time of the initial meeting of creditors on February 1, 2006 (as the refunds arrived between February 6 and 17, 2006), the Trustee could have discovered that "new evidence," or at least laid the groundwork for discovering that evidence, if he had asked the Debtor at the § 341 meeting (i) whether she had filed tax returns, (ii) whether any outstanding

5

returns indicated that she would be receiving a refund, and (iii) that she immediately inform him if she did in fact receive a refund. If the Debtor had not answered those questions truthfully, or had not timely communicated to the Trustee her receipt of the refunds, the Court would not be confronting the due diligence issue. .

There is no question that the Debtor had an obligation to amend her schedules to list her tax refunds when she became aware of her right to them. A debtor, *pro se* or not, files bankruptcy schedules under penalty of perjury and is under a legal obligation to both disclose a right to a tax refund (or to any other asset that is property of the bankruptcy estate) as well as to update her schedules if she receives unexpected monies (such as tax refunds) that are property of the estate under 11 U.S.C. § 541(a). However, the fact that the Debtor did not amend her schedules to disclose receipt of her tax refunds does not mitigate or excuse the Trustee's failure to inquire about possible tax refunds at the § 341 meeting of creditors in the course of his administration of the Debtor's estate.

The Trustee's Motion requires the Court to weigh the obligation of a debtor to disclose all assets in a truthful and complete fashion against a trustee's duty to diligently investigate a debtor's assets and financial affairs in a timely manner. Both duties are critical to the integrity and effective administration of the bankruptcy system. But when neither party has fulfilled his/her pertinent duty, is the trustee entitled to vacatur of the Order granting a fee waiver, or does the Order stand? The Court has found no case law, rule, or statute addressing how to weigh these competing interests in connection with a motion for reconsideration and vacatur of an order granting a fee waiver. However, the Supreme Court has ruled on an analogous question in the context of a trustee's tardy objection to a debtor's unwarranted claim of exemption. In Taylor v. Freeland & Kronz, 503 U.S. 638 (1991), the Supreme Court held that although the debtor had no "colorable statutory basis" for claiming the exemption that was the subject of the trustee's objection, the trustee's argument that allowing the debtor's patently meritless exemption might "lead to unwelcome results" was unpersuasive and did not warrant granting relief to a trustee whose motion was filed late. Id. at 644. The Court held that the trustee's failure to timely object "prevents him from challenging the validity of the exemption now." Id. at 642. Thus, despite the debtor's improper claim of exemption, and notwithstanding the fact that the debtor benefited from an exemption to which she was not entitled, the Supreme Court refused to grant the trustee relief because he failed to file a timely objection. The Trustee has presented no basis for this Court to rule otherwise here.

The Trustee has failed to meet the Rule 9024 requirement for reconsideration.  He has not demonstrated that the tax refunds are in fact new evidence that he could not have discovered earlier through the exercise of due diligence. The Court finds that the Trustee could have discovered that evidence by way of  diligent inquiry, and could have had the relevant information either at or shortly after

6

the § 341 meeting. Therefore, the Court finds the Trustee has not demonstrated grounds for relief pursuant to Rule 9024.

## 2.    The Motion for Reconsideration: Timing

Form B3B states that an order granting a fee waiver may be "subject to being vacated at <u>a later time</u> if developments in the administration of the bankruptcy case demonstrate that the waiver was unwarranted" (emphasis added). The question presented here is, how much later is the "later time" referred to in the order, and when is it too late for the Trustee to seek such relief?[5] In this case, the Trustee's position appears to be that the "later time" referred to in Form B3B should be open-ended, allowing a motion for reconsideration to be filed whenever a trustee acquires information indicating that the debtor may have had sufficient funds to pay the filing fee as of the petition date.

As noted above, the Court is not aware of any case that has addressed this timing question. In <u>In re Spisak</u>, # 06-10511 (Bankr. D.Vt. Feb. 22, 2007), this Court addressed a related aspect of the question under Interim Rule 1006(b)(2). The Court had originally granted the debtor's application for a fee waiver. Less than two weeks later, the Trustee filed a motion to reconsider. The Court then held a hearing on the motion, counsel filed post-hearing briefs and the Court shortly thereafter granted the Trustee's motion to reconsider and ordered the debtor to pay the filing fee in installments. <u>See</u> <u>In re Spisak</u>, __ B.R. __, 2007 WL 96398 at *3 (Bankr. D.Vt. Jan. 12, 2007). The debtor subsequently defaulted in the payment of the first installment payment and the Court issued an Order to Show Cause. After a hearing on the Order to Show Cause, the Court extended the time period for the debtor's payment of the filing fee installments due to the procedural events in the case that had been beyond the control of the debtor, <u>i.e.</u>, the trustee's motion to reconsider was not granted until two months after the case was filed, reducing the time provided by Rule 1006(b)(2) for the debtor to pay the filing fee installments. In modifying the payment schedule, the Court counted the 120-day period provided in Interim Rule 1006(b)(2) from the date the order vacating the fee waiver was entered, rather than from the date of filing the petition, to allow the debtor sufficient time to pay in installments. <u>See</u> <u>In re Spisak</u>, # 06-10511 (Bankr. D.Vt. Feb. 22, 2007). The Court expressed the view that:

> It seems evident that debtors like Mr. Spisak who are initially granted a waiver of the filing fee might be the hardest pressed to generate the funds to pay the fee if the fee waiver order is vacated. It therefore strikes this Court as inherently unfair that such persons should have a shorter period of time to pay the filing fee than persons who do not apply for a fee waiver, particularly given the fact that the fee waiver was initially granted in this case and the Debtor did not know he would have to pay the fee until more than two months after he filed his case.

---

[5] Rule 9024, governing motions do reconsider, provides that such motions in bankruptcy court are "not subject to the one year limitation prescribed in Rule 60(b)." However, the timeliness of each such motion must be considered in the context of the specific relief granted in the underlying motion.

Id.

This Court has previously commented on the competing policy considerations wrought by BAPCPA, which allowed, for the first time, fee waivers in chapter 7 bankruptcy cases. On the one hand, a debtor who cannot pay the filing fee, in full or in installments, is relieved of that obligation. On the other hand, because the chapter 7 trustee's commission is paid from the filing fee, "absent the debtor's payment of the chapter 7 filing fee, the chapter 7 trustee would not be paid for administering th[e] case." Kauffman, 354 B.R. at 685. Due to the "harsh consequences [*in forma pauperis*] relief has on chapter 7 trustees," id., trustees should have ample opportunity to ascertain whether the debtor actually cannot pay the fee, either in one payment or in installments. In this Court, chapter 7 Trustees will typically contest a debtor's right to a waiver in the form of a motion for reconsideration and vacatur. This is because a debtor must file a waiver application at the very beginning of the case, and the Court will generally rule on the application, before a trustee is assigned. It is only after the trustee is assigned and can undertake a thorough examination of the debtor's assets – and ability to pay the filing fee – at the § 341 meeting that the trustee will have enough information to ascertain whether it would be appropriate to bring a motion for reconsideration. Moreover, the trustee may require additional information from the debtor following the § 341 meeting in order to assess the accuracy of the schedules. This need for additional information would further delay the trustee's examination of the propriety of the fee waiver. Given this time line, and the fact that neither the Form B3B proposed order nor the statute provide guidance to courts presented with the issue of when motions for reconsideration of orders granting fee waivers may properly be filed, the Court turns to Interim Rule 1006(b)(2) which sheds some light on the otherwise undefined "later time" contained in Form B3B and appears to be the only source of authority upon which to establish a time-frame within which a trustee should move for reconsideration of an order waiving the filing fee.

As indicated earlier, the Rule contemplates that the debtor's eligibility for a fee waiver is adjudicated early in a case presumably so that, if a waiver is denied, the debtor has 120 days after filing the petition to pay the filing fee in installments (with an additional 60-day extension for cause). Using Rule 1006(b)(2) as a guide, this Court deems it reasonable and appropriate to expect a trustee to bring a motion to reconsider and vacate an order granting a fee waiver within 60 days after the case is filed. While any such time-frame may, to some extent, appear arbitrary, the Court selects this time-frame intentionally, in order to balance the competing interests of the case trustee and debtor. First, it is essential to allow the trustee a sufficient period of time to examine the debtor and the debtor's financial affairs, and 60 days appears adequate for the trustee to conduct the § 341 meeting[6] and, in most instances, to obtain and review any requested additional documentation. Second, the debtor should have approximately the

---

[6] Rule 2003(a) requires the meeting of creditors to be held no fewer than 20 and no more than 40 days after the filing of the petition.

8

same (120 day) period of time to pay the filing fee installments as he or she would have had in the absence of the order granting a fee waiver. If the trustee files his or her motion to reconsider and vacate within 60 days, and the Court rules on it promptly, the debtor is not deprived of the 120 day period established by Rule 1006(b)(2), because the Court has authority under that Rule to extend the due date to 180 days after the filing of the petition.

This 60-day time-frame is a procedural guideline that this Court will employ as a presumptively sufficient time for reconsideration motions. If, however, a trustee determines that unanswered questions remain that bear upon the issue of whether the debtor could afford to pay the filing fee, the trustee should set forth an explanation for the delay in filing the motion as part of the motion to reconsider and vacate. The Court will assess such motions and explanations on a case by case basis, discern whether the trustee has exercised due diligence under the facts and circumstances of each case, and base its determination on whether the trustee has established the procedural prerequisites for reconsideration of the order granting the fee waiver under Rule 9024.

The instant motion is the Trustee's second motion for reconsideration. It was filed three months after the Debtor had been discharged, more than six months after the final installment would have been due under Rule 1006(b)(2), almost exactly one year after the Trustee conducted the § 341 meeting, and more than one year after the Debtor filed her chapter 7 case. The Trustee has failed to demonstrate that this delay could not have been avoided by the exercise of due diligence, or to establish what authority there is in the Bankruptcy Code or Rules for granting relief so long after the filing of the petition when the time for paying the filing fee in installments is so long past.

Accordingly, the Court finds that the Trustee's Motion seeking to vacate the fee waiver is untimely.

## CONCLUSION

Based upon the foregoing, the Trustee's second motion for reconsideration of the order granting the Debtor's application for a waiver of the chapter 7 filing fee, and seeking to vacate the order granting the fee waiver, is denied.

This constitutes the Court's findings of fact and conclusions of law.

April 23, 2007  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

9